## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

Edmundo Cahua Quinto         :
9804 Braddock Road          :
Silver Spring, MD  20903      :

      Plaintiff,            :        Civil Action No. 1:16 -cv-417
                                  :                (TSE/IDD)
v.                             :

M.L.A. of Chantilly, Inc.       :
d/b/a Chantilly Donuts        :
4394 C Henninger Court      :
Chantilly, VA  20151         :
                                  :
      Serve Registered Agent:   :
      Kwangsook Lee          :
      4394-C Henninger Court   :
      Chantilly, VA 20151       :
                                  :

Kwangsook Lee            :
4394-C Henninger Court     :
Chantilly, VA 20151        :
                                  :
Hosun Lee                 :
4394-C Henninger Court     :
Chantilly, VA 20151        :
                                  :
      Defendants.           :



FILED
MAILROOM

APR 14 2016

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## COMPLAINT

Plaintiff, Edmundo Cahua Quinto ("Plaintiff"), by and through his attorneys, Mary J. Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against M.L.A. of Chantilly, Inc. d/b/a Chantilly Donuts, Kwangsook Lee and Hosun Lee (collectively "Defendants"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), stating as follows:

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301.340.2020

## INTRODUCTION

Plaintiff worked sixty-five hours per week for Defendants as a delivery driver. He was not compensated for the overtime hours he worked each week. Defendants have willfully violated the clear and well-established overtime provisions of the FLSA. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1.    This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2.    Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3.    Plaintiff is an adult resident of Montgomery County, Maryland.

4.    Defendant M.L.A. of Chantilly, Inc. is a Virginia corporation with locations and operations in Virginia.

5.    Defendants Kwangsook Lee and Hosun Lee (the "Individual Defendants") are principals of Chantilly Donuts.

6.    The Individual Defendants controlled the day to day operations of the business.

7.    The Individual Defendants had the power to hire, fire, suspend, and discipline Plaintiff.

8.    The Individual Defendants supervised Plaintiff directly or indirectly.

9.    The Individual Defendants directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3569561_1

2

10.     The Individual Defendants directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

11.     Federal courts have made clear that individual employers are liable under FLSA, if the employer met the economic reality test for "control." Chao v. Mid-Atlantic Installation Services, Inc., 16 Fed Appx. 104 (2001).

12.     The Individual Defendants would be considered employers for purposes of individual liability because of their intrinsic involvement in the business

13.     At all times material herein, Defendant, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

14.     Defendants have at least two or more employees who are engaged in interstate commerce and/or handle, sell, or otherwise work on goods or materials that have been moved or produced for commerce.  Defendants also process credit card transactions for customer payments and purchase equipment and inventory that move in interstate commerce.

## FACTS

15.     Plaintiff was employed by Defendants as a delivery driver for several years beginning in 2004 and including the last several years (the "Employment Period").

16.     Plaintiff was paid a flat rate of $120 per day during the Employment Period.

17.     Plaintiff worked an average of sixty-five hours per week throughout the Employment Period.

18.     Plaintiff was not paid one and a half times his regular hourly rate for hours worked in excess of forty per week.

19.     Plaintiff is owed approximately $20,119.94 in overtime wages.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3569561_1

3

20.     Plaintiff is owed overtime wages that Defendant willfully failed and refused to pay to Plaintiff in violation of federal law.

21.     By statute, Defendants are required to maintain records which document the number of days Plaintiff worked.

22.     The precise number of hours worked, and wages owed, should be revealed through discovery.

23.     Defendants knowingly and intentionally violated Plaintiff's rights under federal law.

## COUNT I
## (FLSA)

24.     Plaintiff adopts herein by reference paragraphs 1 through 23 above as if fully set forth herein.

25.     At all times relevant hereto, each Defendant was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

26.     Defendants were engaged in "interstate commerce" within the meaning of the FLSA.

27.     Plaintiff was an "employee" within the meaning of the FLSA.

28.     Defendants were required to pay Plaintiff compensation at the rate of one and a half times his regular hourly wage for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

29.     During the Employment Period, Plaintiff worked an average of sixty-five and a half hours per week.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3569561_1

30.     Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his hourly wage for all hours worked in excess of forty hours per week.

31.     Defendants' actions complained of herein constitute a willful violation of Sections 206 and 207 of the FLSA.

32.     Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in his favor in an amount to be determined at trial, but not less than $40,239.88, which is two times the overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By:     _____
Mary J. Craine Lombardo (77768)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020