IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EDMUNDO CAHUA QUINTO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:16-417-TSE/IDD |
| ) | |
| M.L.A. OF CHANTILLY, INC., et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

**FACTUAL BACKGROUND**

Plaintiff brought the instant action for recovery of sums he alleged were due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiff alleged that Defendants M.L.A. of Chantilly, Inc. and its principals Kwangsook Lee and Hosun Lee failed to pay him proper compensation for the overtime hours he alleged that he worked, and that Defendants Lee and Lee were personally liable for the FLSA violations. Defendants denied willful violations of the FLSA and contended that Plaintiff did not work all the hours claimed.

**ARGUMENT**

This Court considers the following factors in reviewing an FLSA settlement:

(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

1

*Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at *10-11 (E.D. Va. Sept. 28, 2009) (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975)); *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010) (citing *Lomascolo* in rejecting motion which did not address those factors). Each factor favors approval of this settlement agreement.

First, the parties have conducted informal discovery. Plaintiff and Defendants exchanged information and Defendants raised certain defenses against the claims. Specifically, Defendants challenged the total hours worked and claimed that at times Plaintiff was working for another entity. While there was a dispute between the parties as to whether Plaintiff was owed all of the overtime claimed, the parties were able to reach a compromise. This compromise also took into consideration Defendants' ability to pay and financial circumstances. Further discovery would have entailed extensive (and time- and fee-consuming) depositions of, at the very least, Plaintiff, a company representative and the individual Defendants as well as other employees.

Second, a settlement at this early stage benefits both parties. The parties might have needed to go to trial on the factual question of how many overtime hours were actually worked and paid. The more time the parties' attorneys spent on the case, the more difficult it would have been for the parties to reach a settlement. The FLSA claims are not particularly complex, but do involve substantial factual questions regarding how much of the Plaintiff's gross pay constituted proper payment for overtime worked under the FLSA. As noted above, further discovery would have posed substantial expense in the form of court reporter costs for depositions, as well as attorney time for the same.

Third, there is no fraud or collusion in this settlement; all parties are represented by independent counsel.

3

Fourth, both parties are well represented. Plaintiffs are represented by attorneys with substantial experience in employment law, including plaintiff- and defendant-side FLSA cases. The Defendants are represented by a partner with Gross & Romanaick PC, a regional law firm with a highly regarded attorneys and significant experience defending employers against FLSA and other employment law claims. Plaintiff has been comparably represented by experienced counsel.

Fifth, there are no class claims; the parties have prepared and agreed upon the settlement agreement, indicating their consent thereto, with the advice of counsel.

As for the sixth factor, the FLSA claim entailed several major factual and legal questions. The parties would have expended significant resources in discovery, motions practice, and possibly trial, on the factual and legal issues relating to the amount of overtime actually paid.

The question of overtime paid might have come down to a jury's credibility determinations, which are notoriously difficult to predict. Plaintiff faced the risk of a very small verdict in his favor or a defense verdict (or summary judgment order). If Plaintiff prevailed on any claims, Defendants faced the risk of an award of attorney's fees and/or liquidated damages under the FLSA. The parties all believe that the settlement amount fairly represents their exposure compared to their chances of success at trial.

Finally, the proposed portion of the settlement allotted to attorney's fees and costs, $5,079.00 out of a total of $12,000.00, is reasonable. Mrs. Lombardo, Mr. Lieberman and Mr. Garcia worked on the case both pre and post litigation since February 2016 at Mrs. Lombardo's standard hourly rate of $440.00, Mr. Lieberman's standard hourly rate of $440.00 and Mr. Garcia's standard hourly rate of $295.00. The actual attorneys' fees and costs are in excess of $6,750.00 but counsel has discounted the fees to resolve the matter.

## CONCLUSION

For these reasons, the Court should approve the parties' Settlement Agreement (Exhibit "A" hereto).

Respectfully submitted,

EDMUNDO CAHUA QUINTO

By Counsel

_____/s/_____
Mary J. Craine Lombardo (Bar # 77768)
Stein Sperling Bennett De Jong Driscoll PC
25 West Middle Lane
Rockville, Maryland 20850
(301)340-2020
(301) 354-8126-fax
miombardo@steinsperling.com

*Counsel for Plaintiff*

M.L.A. OF CHANTILLY, INC, ET AL.,
Defendants

By Counsel

_____/s/_____
A. Charles Dean
Gross & Romanick, PC
3975 University Drive, Suite 410
Fairfax, VA 22030
703-273-1400
703-385-9652 – Fax
adean@gross.com

*Counsel for Defendants*